## HORNBECK'S EXECUTOR *v.* THE AMERICAN BIBLE SOCIETY and others.

Bequests for charitable purposes to unincorporated societies, are sustained, where the
object is competent, and is designated or may be clearly ascertained.

Where in bequests for such purposes, the name of the legatee is defectively described,
extrinsive evidence is admissible to show what society or corporation was intended
by the testator.

An abbreviation of the name of the society intended, does not vitiate the legacy ;
and resort may be had to a prefix applied to another society, and occurring in the
same sentence, to complete the designation.

Various facts admitted in aid of construing a will and ascertaining the objects in-
tended by the testatrix in her bequests for charitable purposes, viz. that the testa-
trix was a member of a society claiming the fund : she was attached to a speci-
fied sect or denomination ; she had in her life made donations to such society ;
she was a correspondent of its officers, and had taken a warm interest in its par-
ticular objects ; her deceased husband had exhibited such interest, and had made
similar gifts personally and by his will ; as his executrix, she had transmitted the
latter; and that there is no other like society or institution.

Where a bequest is given to a seminary or charitable institution by name, which is
only a descriptive name of a particular institution or charity established and con-
ducted by an incorporated college or society ; it is a valid legacy to such corpora-
tion to be applied in respect of the institution designated.

So held upon a bequest to a theological seminary, which was an institution estab-
lished and conducted by the synod of the Dutch Church ; and also on bequests to
the boards of missions, which were established and conducted by the same Synod.

On the construction of a will, legacies to the "Treasurers of the following so-
cieties, Am. Bible, Tract, Synods Board of Missions, Domestic Missions, N.
Y. Colonization and Seaman's Friend ;" were held intended for The Ameri-
can Bible Society, The American Tract Society, The General Synod of the
Reformed Protestant Dutch Church, The New York State Colonization Society,
and The American Seaman's Friend Society.

June 11 ; August 29, 1844.

This was a bill exhibited by William Y. Miller, the executor of Mrs. Elizabeth P. Hornbeck of Wallkill in the county of Orange, deceased, to obtain a construction of her last will and testament, and the direction of the court as to the disposal of her estate.

The will was dated July 18, 1842, and she died on the eleventh day of March ensuing. It directed her executor to sell all her real estate, and then bestowed out of the fund, various legacies, amongst which was one to the Theological Seminary at New Brunswick, under the charge of the Protestant Reformed Dutch Church; and she gave the residue of her estate to the treasurers of certain societies described in the will as " Am. Bible, Tract, Synods Board of Missions, Domestic Missions, N. Y. Colonization and Seaman's Friend." These bequests are quoted at large, and several facts respecting them are mentioned, in the judgment of the court.

The bill stated that these legacies were claimed by the American Bible Society, the American Tract Society, the General Synod of the Reformed Protestant Dutch Church, the New York Colonization Society and the American Seaman's Friend Society, respectively. That the first and last named, and the Synod, are corporations, and the others are unincorporated. That besides those, there are the Protestant Episcopal Tract Society, and also their Board of Missions, and the New York City Tract Society; all situated in the city of New York, where the others have their several places of business. That W. Phillips, the next of kin of the testatrix, insisted that all these bequests were void for uncertainty and other causes, and that the unincorporated societies were incapable of receiving such legacies.

The executor declared his readiness to pay the fund in his hands, about $25,000, to the parties entitled thereto, and asked the direction of the court in that behalf.

The two societies of the Protestant Episcopal Church answered, disclaiming the legacies to the Tract Society and for Missions. All the other societies before named, put in answers claiming the several legacies, and the General Synod of the Dutch Church claimed the bequest for the Theological Seminary at New Bruns-

wick.   W. Phillips interposed his rights as next of kin, upon the grounds stated in the bill.

*G. M. Ogden,* for the complainant.

*H. Holden* and *S. A. Foot,* for the American Bible, Tract, and Seaman's Friend Societies, and for the New York State Colonization Society.

*D. Lord, Jr.,* for the General Synod of the Reformed Protestant Dutch Church.

*W. Silliman,* for the Protestant Episcopal Tract Society.

*C. Edwards,* for the Board of Missions of the Protestant Episcopal Church.

*D. B. Ogden,* for the next of kin.

THE ASSISTANT VICE-CHANCELLOR.—As the case is presented by the bill, the fund is to be deemed personal property of the testatrix.

There is nothing in the point that the unincorporated societies are incapable of receiving the bequests to them.   (*Potter* v. *Chapin,* 6 Paige's R. 639, 649 ; *Wright* v. *Methodist Church,* 1 Hoff. Ch. Rep. 202 ; *King* v. *Woodhull,* 3 Edw. Ch. R. 79.)

The principal questions arise upon the seventh clause of the will, which is in these words : " The residue and remainder of my estate after the payment of all my just debts, I give and bequeath to the treasurers of the following societies—Am. Bible, Tract, Synods Board of Missions, Domestic Missions, N. Y. Colonization, and Seaman's Friend."

1. The American Bible Society claims the bequest under the description of "*Am. Bible*" Society in the will.

The description in this instance is perfect, except that *Am.* is written instead of *American.*   This is a common abbreviation for *American,* and in the absence of any institution of the kind

of a similar name, there can be no doubt but this corporation was the one intended.

2. The legacy to "Tract Society," is claimed by the American Tract Society. There are two other tract socities in the city of New York—The New York City Tract Society, and The Protestant Episcopal Tract Society. The latter institution disclaims, and the former now concedes the legacy to the American Tract Society.

The word " *Tract*," of itself furnishes no designation. But it is competent to make out by averment, who is the person intended by a defective description.

In this instance, the prefix " *Am.*" may be extended to aid the construction, and it then becomes the American Tract Society, and all doubt is at an end.

Moreover the American Tract Society is a corporation whose purposes and operations extend throughout the country. The testatrix and her late husband were members of it; her husband had left a legacy to it, which she had paid as his executrix. Under such circumstances there is not a particle of doubt but that this bequest was intended for the American Tract Society.

3. The New York State Colonization Society, an unincorporated association, claims the legacy given to the " N. Y. Colonization Society." It appears that this is the only colonization society in this state. The only omission in the will, is the word " State" in describing it, and the identity is too clear to need any argument.

4. The legacy to "Seaman's Friend Society," is claimed by The American Seaman's Friend Society, a corporate institution. In this instance the prefix " *Am.*" is too far removed in the will to aid in the construction. It is shown however, that the claimants are the only Seaman's Friend Society in this state; and that they had been the special objects of the benevolence of the testatrix and of her husband when they were alive; her husband left a legacy to the society, which she transmitted to them; she corresponded with the treasurer of the society, and her letter produced shows that she felt a warm interest in the objects of the charity which the society is engaged in promoting.

She unquestionably intended the bequest for The American Seaman's Friend Society.

5. The General Synod of the Reformed Protestant Dutch Church, claim the other two legacies in the seventh clause of the will; and also the legacy in the sixth clause, which is in these words. "*Sixth.* To the Theological Seminary at New Brunswick, under the charge of the Protestant Reformed Dutch Church, I give and bequeath the sum of four thousand dollars to be secured by good bond and mortgage, and the interest of said sum to be applied in educating pious and indigent young men for the gospel ministry."

*First.* The bequest to the seminary is a good bequest by way of charitable use to the Synod of the Dutch Church. The claimants are a corporation, and amongst other eleemosynary institutions established by them, is this seminary at New Brunswick. The gift is like one to endow a professorship in a college. The charity is the object present to the testator's mind; the corporate or associate name of the society which executes the charity, is not so likely to be thought of, or if thought of, to be correctly stated. Here the charitable object is described, and the income appropriated. The intention was to give it for the seminary. It being given to the seminary, which is only a mere descriptive name of a part of the corporate institution, The Synod of the Dutch Church; it would be doing great violence to the testatrix's intention to say that she did not mean to give it to that synod, for the use of the seminary. It is in effect a bequest to the Protestant Reformed Dutch Church for the seminary under their charge, and the claimants are clearly entitled to it. A similar gift was sustained for the Methodist Church in John-street, in favor of the general corporation of that church in *Wright* v. *Methodist Epis. Church,* 1 Hoff. Ch. R. 202, 238.

Next, the legacies to the Synods Board of Missions, and to Domestic Missions.

The Synod of the Dutch Church has established boards of managers for conducting their foreign and domestic missionary operations, which boards act as separate boards or committees, and are agents of the corporations, and they are together designated as the "Synod's Boards of Missions." The operations of

the foreign and domestic missions are distinct, and separate reports are made of each to the Synod, and in the ordinary language of the members of the Dutch Church, the boards are spoken of and known as the *Synod's Board of Foreign Missions* and the *Synod's Board of Domestic Missions*, respectively.

In regard to the bequest to the *Synod's Board of Missions*, there is no room for doubt. What I have said in reference to the legacy to the seminary is applicable to this also. Then as to the legacy to "*Domestic Missions*." The Board of Missions of the Protestant Episcopal Church, which is the only institution of a similar name, disclaims the legacy. It is not a case of competition therefore, but merely a defective description of a legatee to charitable uses; the testatrix having used the name of the object of her benevolence, instead of that of the institution which was to perform the object. The gift is in terms to the Treasurer of Domestic Missions.

She had previously manifested her feeling of special regard for the institutions of the Synod of the Dutch Church by the gift to the seminary and to the Board of Missions, and in immediate sequence with the latter, she gives this legacy to domestic missions. There being no other body of a similar name conducting domestic missions, the juxta-position of the bequests, and this feeling of partiality for the synod which I have mentioned, lead me to the conclusion that she intended the legacy in question for the Synod's Board of Domestic Missions, while the other was designed for their foreign missions. The word *Treasurer* which goes before all the legacies in the seventh clause, avoids the objection that "Domestic Missions" is too vague of itself. The extrinsic circumstances concur with the contents of the will, in showing that the testatrix meant the Synod's Board of Domestic Missions, or the Treasurer of that Board; and the board and their treasurer being parts of the organization of the corporation which claims the legacy, the conclusion is that it was intended for that corporation, to be used in domestic missions, under their charge and direction.

There are many reported cases in which the extrinsic evidence relied upon was as much, or more open to doubt than it is here. I will only refer to *Beaumont* v. *Fell*, 2 P. Will. 140; where a

legacy to *Catherine Earnley* was decreed to *Gertrude Yard-ley*; *Abbot* v. *Massie*, 3 Ves. 148; where the legacy was to " *Mrs. G.*," and it was given to " Mrs. Gregg" on proof of intent; also *Careless* v. *Careless*, 1 Merivale, 383, (291;) where the legacy was to the testator's nephew Robert, the son of *Joseph Careless*; the testator had no brother Joseph, but he had a brother John and a brother Thomas, and each had a son Robert; and on the proof, the legacy was adjudged to Robert the son of John Careless. And see *Parsons* v. *Parsons*, 1 Ves. Jr. 266; *Baugh* v. *Read*, 1 ibid. 259, per Lord Eldon; *Smith* v. *Coney*, 6 ibid. 42; and *Mann* v. *Executors of Mann*, 1 J. C. R. 234; per Chancellor Kent.

All the legacies in question are sustained in favor of the respective claimants, and there must be a decree declaring the construction of the will accordingly. The costs of the parties will be paid out of the estate.